1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12   UNITED STATES OF AMERICA,                    Case No. 5:13-cr-00726-EJD-1 (HRL)

Plaintiff,

13

14          v.                                    **ORDER GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANT'S
                                                  MOTION TO COMPEL DISCOVERY**

15   RAMIRO ALCAZAR-BARAJAS,                       Re: Dkt. No. 136

16                        Defendant.

17          Defendant moves this court for an order compelling the government to produce 9

18   categories of discovery.[1]  The government opposes the motion.  Upon consideration of the moving

19   and responding papers, as well as the oral arguments presented, this court rules as follows:

20          **Category 1:  Training Materials**

21          As narrowed by defendant,[2] this category seeks training manuals, policies, and guidelines

22   re the Fresno Methamphetamine Task Force (FMTF) (and all of the agencies making up that task

23   force), the United States Marshals Service (USMS), and the Department of Homeland Security

24   (DHS).  This court is unconvinced that the law enforcement canine cases cited by defendant are

25   _____

26   [1] Defendant's discovery requests are set out in Appendix A to his discovery motion, Dkt. 136-1.

27   [2] Defendant initially moved to compel all training materials, guidelines, policies, manuals and
     similar materials re the investigation for, preparation of, and execution of search warrants for all of

28   the federal, state, and local agencies involved in this case, as well as all responsive training and
     coursework records for every agent involved in this case.

United States District Court
Northern District of California

United States District Court
Northern District of California

applicable here.  Nor has defendant persuasively argued why an agent's general description of his training and experience opens up a broad foray into training policies, guidelines, and other such records, or why that information is material to his defense.  This request for discovery is denied.

### Category 2:  Lawsuit Information

Defendant seeks case information for prior lawsuits against the California Department of Justice arising out of search warrants that agency obtained and executed and which were referenced by (now retired) agent Michael Ortiz during his testimony in a May 19, 2016 evidentiary hearing.  This request seeks far-reaching and expansive discovery that is considerably broader than any materials that could be relevant to the charge against defendant in this particular case.  Defendant's request for this discovery is denied.

### Category 3:  Location Tracking

Defendant seeks all information about the use, monitoring, or results of location tracking technology used during the FMTF investigation of 69481 Jolon Road, including court records.  This request seeks far-reaching and expansive discovery that is considerably broader than any materials that could be relevant to the charge against defendant in this particular case.  Defendant's request for this discovery is denied.

### Category 4:  Entry Team Officer Information

Defendant seeks the names of the officers and agents on Entry Team 1.  The government does not object, provided that disclosure will not jeopardize any ongoing investigations.  At the motion hearing, the government stated that it was still investigating whether there was any such risk.  By February 17, 2017, the government shall complete its inquiries and either provide defendant with the requested names, or confirm that it cannot do so because disclosure will jeopardize ongoing investigations.

### Category 5:  *Brady/Giglio*[3] **Material re Government Witnesses**

The issue here is timing of production.  Defendant asks for early *Brady/Giglio* information

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972)

re any government witnesses, to be produced at least 3 weeks in advance of any *Franks*[4] hearing (i.e., by April 5).[5]  The government agrees to produce the requested material as soon as possible in advance of any future evidentiary hearing, but argues that it would be premature to order production before Judge Davila decides whether a hearing will be held.  And, as a practical matter, the government says it is unlikely to be able to produce material as early as April 5, since that will be only two days after Judge Davila orders any hearing.  Defendant correctly notes that courts have held that *Brady/Giglio* applies to testifying and non-testifying witnesses.  Those cases, however, don't entirely resolve the government's expressed timing concern inasmuch as they involved witness statements that the government put into evidence somehow.  *See, e.g.*, *United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003) ("It is thus clear that *Brady* and its progeny may require disclosure of exculpatory and/or impeachment materials whether those materials concern a testifying witness or a hearsay declarant"); *United States v. Flores*, No. CR08-0730 WHA, 2011 WL 1100137 (N.D. Cal., Mar. 24, 2011) (applying *Brady/Giglio* to co-conspirators whose out-of-court statements the prosecution intended to put into evidence).[6]

Nevertheless, this court is told that the parties will begin briefing defendant's anticipated *Franks* motion within a few days and that the decision whether a hearing will be held will be made by April 3.  If an evidentiary hearing is ordered, then at least by April 17 the government surely will have some idea as to whose testimony it will present.  So, if a *Franks* hearing is ordered, the government shall produce *Brady/Giglio* material re its witnesses by April 17, 2017.

**Category 6:  FMTF Records re Case No. BI-FM2012-0036**

The government says it has produced all but one report from the FMTF's file.  That one report, this court is told, is a "tactical plan" for a search of 69481 Jolon Road.  The government

---

[4] *Franks v. Delaware*, 438 U.S. 154 (1978)

[5] This court is told that Judge Davila has set an April 3, 2017 status conference at which he will decide whether a *Franks* hearing will be held and that an April 26, 2017 hearing date has been reserved, if necessary.

[6] Defendant also cites *United States v. Rodriguez*, 482 Fed. Appx. 231, 236 (9th Cir. 2012), which observed that *Jackson* and *Flores* are "persuasive," but in which the Ninth Circuit did not decide whether *Brady* and related obligations extend to non-testifying witnesses.

United States District Court
Northern District of California

1     maintains that defendant is not entitled to any discovery pertaining solely to the FMTF 2012

2     investigation, and argues that it has already gone above and beyond its discovery obligations in

3     obtaining and producing the FMTF reports that have been provided to defendant.  Defendant asks

4     that this court review the tactical plan *in camera* to determine whether it contains any discoverable

5     information.  The government says it is informed by FMTF that (1) the tactical report does not

6     contain any information that defendant does not already have in reports that have been produced;

7     and (2) the FMTF does not release tactical plans because they contain sensitive information that

8     must be kept confidential for officer safety reasons.  Plus, says the government, the tactical plan is

9     not in its possession, custody, or control.

10         During the discussion at the motion hearing, both sides clarified that, based on their

11     understanding, the tactical plan concerns the FMTF's role at the October 17, 2013 fugitive search.

12     According to the government, 6 of the 9 members of the entry team assigned to the area where

13     defendant's trailer was located were FMTF members.  Additionally, as noted, the government

14     somehow obtained other FMTF reports that were produced to defendant.  For these reasons, this

15     court directs the government to obtain a copy of the FMTF tactical plan, to be lodged with the

16     undersigned's chambers for an *in camera* review to determine whether the report contains any

17     discoverable information that should be disclosed.  The report shall be lodged with this court by

18     February 24, 2017.

19         **Category 7:  Clarification of Discovery Questions re FMTF and USMS**

20         This category seeks confirmation as to what additional materials, if any, exist that have not

21     yet been produced re the FMTF and USMS investigations, as well as answers to questions about

22     documents and an explanation as to what the USMS did (or did not do) in the course of its

23     investigation.  With respect to FMTF, the government says that FMTF has advised that it has no

24     further documentation (except for the one tactical plan discussed above).  As for USMS, the

25     government says it already collected and produced all discoverable reports of which it is aware

26     and that USMS and the other federal agencies involved in the October 2013 operation have

27     informed the government that they have no further records related to the investigation.  Defendant

28     having provided no authority that the government is required to explain FMTF records or what

United States District Court
Northern District of California

4

USMS did or did not do as part of its investigation, this court denies his request for answers to questions in Category 7 beyond what the government has stated in its opposition papers.

**Category 8:  DHS Reports**

Defendant says that the government has produced report 003 but not reports 001 and 002. The government represents that it has already produced all DHS reports relevant to this case.  It further states its understanding that the case number used for report 003 is a miscellaneous number used to capture one-off operations and similar matters; and, thus, reports 001 and 002 do not pertain to the fugitive search for Moises Medina-Barajas, the investigation of 69481 Jolon Road, or the search operation that resulted in defendant's arrest.  Defendant says nothing on this matter in reply.  His motion to compel reports 001 and 002 is denied.

**Category 9:  Miscellaneous**

This category seeks discovery on a number of wide-ranging topics, including all information sought from third parties; all requests to the California DMV or the DMV of any other state re license plate or identification information; all information about the presence of hazardous materials; all court records; the criminal history of informants used in FMTF's investigation; and all information specifically pertaining to defendant.  While information pertaining to defendant is relevant, the government argues that much of the requested information is overbroad and irrelevant.  It represents that it has produced requested documents to the extent they are in the government's possession, but nevertheless objects to producing additional information re FMTF investigation (such as informant information).

Aside from information that specifically pertains to defendant, this category of requests seeks far-reaching and expansive discovery that is considerably broader than any materials that could be relevant to the charge against defendant in this particular case.  To the extent it has not already done so, the government shall, by February 24, 2017, produce requested information specifically pertaining to defendant in its possession, custody, or control---or confirm that it has no further materials to produce.  Defendant's request for an order compelling discovery is otherwise

United States District Court
Northern District of California

1    denied.

2         SO ORDERED.

3    Dated:   February 10, 2017

4    _____

5    HOWARD R. LLOYD
     United States Magistrate Judge